# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LINDA SHOPE,** | * |
| Plaintiff, | * |
| v. | * Case No. RWT 17-cv-0608 |
| **COSTCO WHOLESALE CORP.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION AND ORDER

On February 16, 2017, Plaintiff filed a Complaint in the Circuit Court for Prince George's County, Maryland alleging that Defendant's negligence caused her to slip and fall on a wet piece of cardboard in one of its warehouses, causing her personal injury. ECF No. 2. She claimed both compensatory and punitive damages for the alleged negligence. *Id.* On March 2, 201717, Defendant removed the case to this Court [ECF No. 1] and filed a Motion to Dismiss Plaintiff's punitive damages claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 5]. To date, Plaintiff has filed no response.

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). To survive a motion to dismiss, a complaint must put forth "plausible claim[s] for relief." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While the court "must take all factual allegations as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). And "where the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In order to state a claim for punitive damages in a non-intentional tort action, a plaintiff must establish that the "defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.*, 'actual malice.'" *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 652 (Md. 1992). Nothing in Plaintiff's complaint even hints at actual malice on the part of Defendant. Rather, she alleges only that Defendant "fail[ed] to use ordinary care to ensure that there was adequate notice of the dangerous condition caused by a wet piece of card board on the floor" and failed to give reasonable notice to Plaintiff that the dangerous condition existed. ECF No. 2 ¶ 5. This does not suffice to support a claim for punitive damages. Accordingly, it is, this 25th day of May, 2017, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Dismiss Plaintiff's punitive damages claim [ECF No. 5] is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint [ECF No. 2] is hereby **DISMISSED IN PART** insofar as it seeks punitive damages.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE