# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LINDA SUE SHOPE,** | * |
| *Plaintiff* | * |
| v. | * Case No. RWT-17-cv-608 |
| **COSTCO WHOLESALE CORPORATION,** | * |
| *Defendant* | * |

## MEMORANDUM OPINION

On February 16, 2017, Plaintiff Linda Sue Shope ("Shope") filed this negligence action in the Circuit Court for Prince George's County against Defendant Costco Wholesale Corporation ("Costco"). ECF No. 2. The Defendants timely removed to this Court, ECF No. 1, and after discovery, moved for summary judgment, ECF No. 22. The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the reasons that follow, Costco's Motion for Summary Judgment shall be granted.

### I. Factual Background

While "slip-and-fall" claims are common in personal injury lawsuits, the instant case involves the rare "slip-but-no-fall" claim. On a rainy April 15, 2014, Shope and her fiancé, Frank Stokes ("Stokes"), approached the Costco location in Brandywine, MD at approximately 4:15 p.m. *See* ECF Nos. 22-1 at 1–2; 23 at 6. While in the store's covered exterior vestibule where shopping carts are stored and membership cards are checked, Shope moved out of the way of a person pushing a row of shopping carts. *See* ECF Nos. 22-1 at 2; 23 at 7. In the process, Shope stepped on wet cardboard and slipped. *Id.* However, Stokes caught Shope, preventing her from falling to the ground. *See* ECF Nos. 22-1 at 2; 22-3 at 11; 22-4 at 9. Shope knows neither

where the cardboard came from nor how long it had been there. *See* ECF Nos. 22-1 at 3–4; 22-3 at 9–11. Immediately thereafter, Shope and Stokes entered the main store and reported the incident to a manager and filled out an incident report. *See* ECF Nos. 22-1 at 2–3; 22-3 at 12. The record indicates that Costco employees conducted regular inspections of the store's premises, including an inspection that "began at 3:36 p.m., and concluded at 4:10 p.m., lasting 34 minutes and ending just five minutes before Shope's slip incident." *See* ECF No. 22-1 at 4–5; 22-5; 22-6.

On January 30, 2018, after discovery had concluded, Costco moved for summary judgment. ECF No. 22. On February 13, 2018, Shope responded in opposition to the Motion, ECF No. 23, and on February 27, 2018, Costco replied in support of its Motion, ECF No. 24. In short, Costco denies any liability because Shope failed to demonstrate actual or constructive notice of the dangerous condition. *See* ECF No. 22-1 at 5. Shope rebuts by asserting that Costco "created the dangerous condition, and therefore is negligent." *See* ECF No. 23 at 7 (internal quotations omitted) (citing *Moulden v. Greenbelt Consumer Servs.*, 210 A.2d 724, 726 (Md. 1965).

**II.     Standard of Review**

Summary judgment is proper under Fed. R. Civ. P. Rule 56(a) if there is no genuine dispute over any material facts, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow the trier of fact to return a verdict for the nonmoving party. *Id.* When considering a summary judgment motion, the court has "an

affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). Thus, the court may only rely on facts supported in the record, not assertions made in the pleading. *Id.* Moreover, the court must view all facts and make all reasonable inferences in the light most favorable to the nonmoving party. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must present more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact that would preclude summary judgment. *Anderson*, 477 U.S. at 252.

**III.    Analysis**

  **a.  Shope Cannot Establish a Claim for Negligence**

Under Maryland law, "a person on the property for a purpose related to the possessor's business" is an invitee, and a property owner owes him or her "a duty of ordinary care to keep the property safe." *Rivas v. Oxon Hill Joint Venture*, 744 A.2d 1076, 1081 (Md. Ct. Spec. App. 2000). However, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 640 A.2d 1134, 1135 (Md. 1994). "The burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." *Moulden*, 210 A.2d 724, 726 (Md. 1965). For the latter option, the customer must not only show "that a dangerous condition existed, but also that the proprietor had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee." *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003) (internal quotations omitted). Under this standard, courts balance

the nature, scope, prevalence, and foreseeability of the condition in determining what constitutes sufficient time. *See id.* at 984–85.

Shope asserts that Costco "created" the dangerous condition because she slipped as she was moving out of the way of an employee pushing a row of shopping carts. *See* ECF No. 23 at 7. However, this argument confuses what constitutes the creation of a dangerous condition. Why Shope was walking along one path through the vestibule versus another is wholly unrelated to the creation of the dangerous condition itself—wet cardboard on the ground. Shope has failed to allege any facts or point to any evidence that indicates that it was Costco (versus another patron) who caused the wet cardboard to be present on the ground. Accordingly, Shope cannot establish that Costco created the dangerous condition.

Therefore, for Shope's claim to survive, she must establish that Costco was on constructive or actual notice of the wet cardboard. Quite simply, Shope has failed to do so. Shope does not even attempt to argue actual notice, *see id.* at 7–8, because she does not know how the cardboard got there or how long it had been there, *see* ECF No. 22-1 at 3–4, 9. Shope instead avers that the greeter "positioned approximately 20 feet from the cardboard" would have discovered the dangerous condition through "the exercise of reasonable care." *See* ECF No. 23 at 7–8. However, "[t]he mere fact that an employee was within close proximity to a dangerous condition is not sufficient evidence to establish that the store owner had constructive notice." *See Sinnott v. Wal-Mart, Inc.*, No. 99-cv-2494, 2000 WL 33281683, at *3 (D. Md. July 14, 2000), *aff'd sub nom. Sinnott v. Wal Mart Stores, Inc.*, 3 F. App'x 128 (4th Cir. 2001). Furthermore, any contention of constructive notice is severely undercut by the fact that Costco regularly performed inspections of the premises—the most recent of which ended a mere five

minutes before the slip incident. Rather, the nature and temporal proximity of Costco's actions establish reasonable care given the rainy conditions.

Costco is not an "insurer" of Shope's safety, and "no presumption of negligence arises" merely because she sustained an injury on Costco's premises. *Mitchell*, 640 A.2d at 1135. Drawing all inferences in her favor, Shope's negligence claim fails because she cannot establish that Costco created the dangerous condition or was on actual or constructive notice of its existence.

### b. Shope's Negligence Claim Cannot Succeed Due to Contributory Negligence

Assuming *arguendo* that Shope were able to establish negligence against Costco, her claim would still fail for contributory negligence. Under Maryland law, plaintiffs cannot recover any damages if they were contributorily negligent even to a small degree. *See Reid v. Washington Overhead Door, Inc.*, 122 F. Supp. 2d 590, 593 (D. Md. 2000). To establish a contributory negligence defense, the defendant must prove "that a reasonably prudent person, in the circumstances, would have taken certain precautions," and plaintiff's "failure to do this contributed directly to her injury." *Mondawmin Corp. v. Kres*, 266 A.2d 8, 14 (Md. 1970).

Shope alleges that the danger of the wet cardboard was not open and obvious because she only moved in its direction to avoid an employee pushing a row of shopping carts. *See* ECF No. 23 at 8. However, while Shope previously argued that the wet cardboard would have been readily apparent to an employee twenty feet away, she now attempts to skirt her own contributory negligence when failing to notice the same cardboard in her immediate vicinity. One cannot have it both ways. Given the rainy conditions, *see* ECF No. 23 at 8, and Shope's admitted eyesight deficiencies, *see* ECF No. 22-3 at 3–5, she did not exercise due caution by not looking where she stepped in a vestibule open to the elements—even if her path-of-choice was

5

altered by the request of someone pushing a row of shopping carts.  Therefore, even drawing all inferences in her favor, Shope was contributorily negligent as a matter of law.

**IV.     Conclusion**

For the foregoing reasons, Costco's Motion for Summary Judgment shall be granted.  A separate Order follows.


Date:  March 1, 2018                                                      /s/
                                                                   ROGER W. TITUS
                                                                   UNITED STATES DISTRICT JUDGE